**ORDERED in the Southern District of Florida on August 19, 2026.**

Peter D. Russin

**Peter D. Russin, Judge**
**United States Bankruptcy Court**

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

6913 Valencia Drive LLC, Case No. 26-20862-PDR

Debtor. Chapter 11

_______________________________________/

**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE OF CORPORATE DEBTOR TO RETAIN COUNSEL**

On August 17, 2026, 6913 Valencia Drive LLC (the "Debtor") filed a voluntary petition under chapter 11 of the Bankruptcy Code. The petition was signed by Liza Hazan as Manager but was not signed by any attorney for the Debtor. Corporations and other artificial entities, however, must be represented by counsel in federal court and cannot appear or act pro se.[1] Because the Debtor cannot proceed to prosecute this chapter 11 case without counsel, it is

---

[1] *See* Fed. R. Bankr. P. 9011(a) ("Every petition, pleading, written motion, and other document—except a list, schedule, or statement, or an amendment to one of them—must be signed by at least one attorney of record in the attorney's individual name. A party not represented by an attorney must sign all documents."); Local Rule 9010-3(b)(1) provides that, except for limited actions identified in Local Rule 9010-1(d)(1)–(7), "an entity that is not an individual cannot appear or act on its own behalf without an attorney in a case or proceeding."; *In re Hussey*, 391 B.R. 911, 915 (Bankr. S.D. Fla. 2008) ("Local Rule 9010– 1(B)(1) [now Local Rule 9010-3(b)(1)] is completely consistent with the very long-standing rule that corporations and other artificial entities can act only through their agents, cannot

**ORDERED** that:

1. The Court will conduct a hearing on **September 2, 2026, at 2:00 p.m.** at the **C. Clyde Atkins United States Courthouse, 301 North Miami Avenue, Courtroom 8, Miami, Florida, 33128**, for any interested party to appear and show cause why this chapter 11 case should not be dismissed. Failure of the Debtor to appear through counsel at the hearing will result in dismissal of this chapter 11 case.

2. Information on requirements and procedures for remote attendance at the hearing may be found on Judge Russin's webpage on the Court's website: www.flsb.uscourts.gov. **PLEASE NOTE**: No person may record the proceedings from any location by any means. The audio recording maintained by the Court will be the sole basis for creation of a transcript that constitutes the official recording of the hearing.

3. **PLEASE NOTE**: A valid government-issued photo identification is required to enter all federal courthouse facilities. Electronic devices, including but not limited to cameras, cellular phones, tablets, laptop computers, pagers, personal digital assistants (PDAs), tape recorders, radios, and similar devices, are generally prohibited within federal courthouse facilities. Persons authorized under S.D. Fla. Bankr. L.R. 5072-2(C)(2) may bring authorized electronic devices into the courthouse. Except as otherwise permitted by Local Rule 5072-2(C)(2), no person may bring a camera or other prohibited electronic device into a federal courthouse facility without prior written authorization from a judge and verification by the United States Marshals Service. See S.D. Fla. Bankr. L.R. 5072-2.

###

Copies furnished to all interested parties by the Clerk of Court.

---

appear *pro se*, and must be represented by counsel."); *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) (a corporation can act only through agents and must be represented by counsel).